| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 2:04-CR-08-01 |
| | | DOCKET NUMBER (Rec. Court) |
| | | 1:15-CR-56(TSE) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Dylan Mobbs<br>Eastern District of Vermont | DISTRICT OF VERMONT | |
| | NAME OF SENTENCING JUDGE | FEB 19 2015 |
| | The Hon. William K. Sessions III | |
| | DATES OF PROBATION/SUPERVISED RELEASE | FROM: 8/14/2014  TO: 8/13/2017 |

**OFFENSE**

Conspiracy to Distribute Heroin, 21:841(a)(1) and 846.

Obstruct or Impede an Official Proceeding, 18:1512(c)(2).

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Eastern District of Virginia upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

1/23/15
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

/s/ _____
Leonie M. Brinkema
United States District Judge

_____
Effective Date

# U.S. District Court
## District of Vermont (Burlington)
## CRIMINAL DOCKET FOR CASE #: 2:04-cr-00008-wks-1

Case title: United States of America v. Mobbs

Date Filed: 01/08/2004
Date Terminated: 12/21/2005

Assigned to: Judge William K. Sessions III

### Defendant (1)

**Dylan Mobbs**
*TERMINATED: 12/21/2005*

represented by **Peter F. Langrock, Esq.**
Langrock Sperry &Wool, LLP
111 South Pleasant Street
P.O. Drawer 351
Middlebury, VT 05753-0351
(802) 388-6356
Fax: (802) 388-6149
Email: plangrock@langrock.com
*TERMINATED: 01/18/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**Thomas J. Sherrer, Esq.**
Thomas Sherrer, PLLC
Waterfront Plaza
180 Battery Street, Suite 360
Burlington, VT 05401
(802) 881-0757
Fax: (802) 881-0759
Email: tom@thomassherrer.com
*TERMINATED: 07/14/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**Ernest M. Allen, III, Esq.**
Stetler, Allen &Kampmann
95 St. Paul Street, Suite 304
Burlington, VT 05401
(802) 660-8646
Fax: (802) 863-6803
Email: budallenlaw@aol.com
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

### Pending Counts

21:841(b)(1)(C); 846
CONSPIRACY TO DISTRIBUTE
NARCOTICS – conspiracy to
distribute heroin
(1s)

18:1512(c)(2) HARASSMENT OF
A WITNESS
(2s)

### Disposition

Imprisonment for a term of 115 months on each count concurrent to each other &the undischarged terms of imprisonment to be followed by 3 years S/R with special conditions.

Imprisonment for a term of 115 months on each count concurrent to each other &the undischarged terms of imprisonment to be followed by 3 years S/R with special conditions.

### Highest Offense Level (Opening)

Felony

**Terminated Counts**

21:841(1)(1); 841(b)(1)(C)=ND.F
NARCOTICS - SELL,
DISTRIBUTE, OR DISPENSE -
distribution of heroin
(1)

18:1512(b)(3).F INTIMIDATION
OR FORCE AGAINST WITNESS
- threatened a person with physical
injury &death with intent to prevent
the communication to a law
enforcement officer
(2)

**Disposition**

Dismissed upon filing of superseding information

Dismissed upon filing of superseding information

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

**Plaintiff**

**United States of America**     represented by    **Paul J. Van de Graaf**, AUSA
United States Attorney's Office
District of Vermont
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Email: paul.van.de.graaf@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Thomas D. Anderson**, Esq.
Office of the United States Attorney
District of Vermont
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
*TERMINATED: 02/13/2015*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/08/2004 | | RECORD OF GRAND JURORS CONCURRING (law) (Entered: 01/09/2004) |
| 01/08/2004 | 1 | INDICTMENT by USA Counts filed against Dylan Mobbs (1) count(s) 1, 2; Cy to USAO, USPO (law) (Entered: 01/09/2004) |
| 01/08/2004 | | File sent to Burlington as to defendant Dylan Mobbs (law) (Entered: 01/09/2004) |
| 01/09/2004 | | ARREST WARRANT ISSUED for Dylan Mobbs (law) (Entered: 01/09/2004) |
| 01/28/2004 | | CJA Form 20 (Appointment of Counsel) as to Dylan Mobbs Attorney Thomas J Sherrer (law) (Entered: 01/28/2004) |
| 06/03/2004 | | WRIT OF HABEAS CORPUS AD PROSEQUENDUM ISSUED as to Dylan Mobbs (jse) Modified on 06/04/2004 (Entered: 06/03/2004) |

| Date | # | Entry |
|---|---|---|
| 06/09/2004 | 2 | WRIT OF HABEAS CORPUS Ad Prosequendum RETURNED UNEXECUTED on 06/09/04 as to Dylan Mobbs (cls) (Entered: 06/09/2004) |
| 06/30/2004 | 3 | MOTION to Withdraw As Attorney by Dylan Mobbs (law) (Entered: 06/30/2004) |
| 07/14/2004 | | ENDORSED ORDER granting [3-1] motion to Withdraw As Attorney withdrawing attorney Thomas J Sherrer for Dylan Mobbs. Clerk's Office to appoint replacement counsel forthwith. ( Chief Judge William K. Sessions III )Cy to parties (See referenced doc. for image) (law) (Entered: 07/14/2004) |
| 07/23/2004 | | CJA Form 20 (Appointment of Counsel) as to Dylan Mobbs Attorney Peter Forbes Langrock (law) (Entered: 07/23/2004) |
| 07/26/2004 | | RECEIVED APPLICATION for writ of habeas corpus Ad Prosequendum by pltf USA for appearance on 08/10/04 as to dft Dylan Mobbs (cls) (Entered: 07/26/2004) |
| 07/28/2004 | | WRIT OF HABEAS CORPUS AD PROSEQUENDUM ISSUED to USM as to Dylan Mobbs (cab) (Entered: 07/28/2004) |
| 08/06/2004 | 4 | WRIT OF HABEAS CORPUS Ad Prosequendum RETURNED UNEXECUTED as to Dylan Mobbs (cls) (Entered: 08/06/2004) |
| 08/19/2004 | 5 | NOTICE OF HEARING ; arraignment set for 11:00 9/3/04 for Dylan Mobbs Cy to affected parties, USPO (jjj) (Entered: 08/19/2004) |
| 08/19/2004 | | RECEIVED APPLICATION for writ of habeas corpus AD PROSEQUENDUM by USA for appearance on 9/3/04 by dft Dylan Mobbs (law) (Entered: 08/19/2004) |
| 08/20/2004 | | WRIT OF HABEAS CORPUS Ad Prosequendum ISSUED as to Dylan Mobbs (cls) (Entered: 08/20/2004) |
| 09/03/2004 | 6 | MOTION for Detention by USA as to Dylan Mobbs (law) (Entered: 09/03/2004) |
| 09/03/2004 | | MINUTES: before Magistrate Judge Jerome J. Niedermeier (Ct Rptr: taped) initial appearance of Dylan Mobbs Attorney Peter Lanrock present; Thomas Anderson, AUSA Dft Dylan Mobbs arraigned; not guilty plea entered. ORDERED: granting [6-1] motion for Detention absent objection. (jjj) Modified on 09/07/2004 (Entered: 09/03/2004) |
| 09/07/2004 | 7 | ORDER OF DETENTION by Magistrate Judge Jerome J. Niedermeier as to Dylan Mobbs cc: all counsel, USPO, USM (cls) (Entered: 09/07/2004) |
| 09/08/2004 | 8 | ARREST WARRANT RETURNED EXECUTED as to defendant Dylan Mobbs ; defendant arrested on 9/3/04 (cls) (Entered: 09/08/2004) |
| 09/14/2004 | 9 | CRIMINAL PRETRIAL ORDER by Magistrate Judge Jerome J. Niedermeier pretrial motions due 12/3/04 &pretrial conference set for 1/3/05 , excludable ends of justice , time excluded from September 3, 2004 to December 3, 2004 (cc: all counsel) (law) (Entered: 09/30/2004) |
| 12/15/2004 | 10 | NOTICE OF HEARING ; pretrial conference set for 1:30 1/21/05 for Dylan Mobbs Cy to affected parties, USPO (jam) (Entered: 12/15/2004) |
| 12/15/2004 | 11 | NOTICE OF HEARING ; jury draw set for 1:00 2/8/05 for Dylan Mobbs Cy to affected parties, USPO (jam) (Entered: 12/15/2004) |
| 01/12/2005 | 12 | MOTION to Withdraw as Attorney by Peter F. Langrock. by Dylan Mobbs. (law, ) (Entered: 01/12/2005) |
| 01/18/2005 | 13 | ORDER granting 12 Motion to Withdraw as Attorney. Peter Forbes Langrock withdrawn from case as to Dylan Mobbs (1). Clerk's office to appoint replacement council forthwith.Signed by Judge William K. Sessions III on 01/18/05. (This is a text only Order.) (eae ) (Entered: 01/18/2005) |
| 01/19/2005 | 14 | MOTION to Toll Speedy Trial Clockby United States of America as to Dylan Mobbs. (law, ) (Entered: 01/20/2005) |
| 01/21/2005 | 15 | ORDER granting 14 Motion for Speedy Trial as to Dylan Mobbs (1) Signed by Judge William K. Sessions III on 1/21/05. (law, ) (Entered: 01/21/2005) |

| 02/08/2005 | | CJA 20 as to Dylan Mobbs: Appointment of Attorney Ernest Marvin Allen, III for Dylan Mobbs. (law, ) (Entered: 02/09/2005) |
|---|---|---|
| 03/09/2005 | 16 | NOTICE OF HEARING as to Dylan Mobbs Pretrial Conference set for 3/24/2005 at 09:30 AM in Burlington Courtroom 542 before William K. Sessions III. Cy parties &USPO(jam, ) (Entered: 03/09/2005) |
| 03/09/2005 | 17 | NOTICE OF HEARING as to Dylan Mobbs Pretrial Conference set for 3/24/2005 at 09:30 AM in Burlington Courtroom 542 before William K. Sessions III. Cy parties &USPO (jam, ) (Entered: 03/09/2005) |
| 03/10/2005 | 18 | MOTION to Extend Time for the Filing of Pre-trial Motions by Dylan Mobbs. (Attachments: #1 Text of Proposed Order)(law, ) (Entered: 03/10/2005) |
| 03/14/2005 | 19 | ORDER CONTINUING TIME FOR THE FILING OF PRE-TRIAL MOTIONSgranting 18 Motion to Extend Time as to Dylan Mobbs (1) Signed by Judge William K. Sessions III on 03/11/2005. (law, ) (Entered: 03/14/2005) |
| 03/14/2005 | | Set/Reset Deadlines as to Dylan Mobbs: Motions due by 4/24/2005. (law, ) (Entered: 03/14/2005) |
| 04/19/2005 | 22 | MOTION to Suppress Statements by Dylan Mobbs. (law, ) (Entered: 04/19/2005) |
| 04/19/2005 | | Set Deadlines re Motion in case as to Dylan Mobbs 22 MOTION to Suppress. Responses due by 5/3/2005. Note: 3 additional days will be allowed for mailing in accordance with L.R. 6.1. (jam, ) (Entered: 04/20/2005) |
| 05/06/2005 | 23 | MOTION to Enlarge Time in Which to Respond to Dft's Pretrial Motions by United States of America as to Dylan Mobbs. (law, ) (Entered: 05/06/2005) |
| 05/09/2005 | 24 | ORDER granting 23 Motion to Enlarge Time as to Dylan Mobbs (1) Signed by Judge William K. Sessions III on 05/09/05. (This is a text only Order.) (cac) (Entered: 05/09/2005) |
| 05/09/2005 | | Reset Response Deadline re Motion in case as to Dylan Mobbs 22 MOTION to Suppress. Responses due by 5/20/2005. Note: 3 additional days will be allowed for mailing in accordance with L.R. 6.1. (jam, ) (Entered: 05/10/2005) |
| 05/24/2005 | 26 | MOTION to Enlarge Time in which to respond to dft's pretrial motion by United States of America as to Dylan Mobbs. (law, ) (Entered: 05/25/2005) |
| 05/25/2005 | 27 | ORDER granting 26 Motion to Enlarge Time as to Dylan Mobbs (1) Signed by Judge William K. Sessions III on 05/25/05. (This is a text only Order.) (cac) (Entered: 05/25/2005) |
| 05/25/2005 | | Reset Deadlines re Motion in case as to Dylan Mobbs 22 MOTION to Suppress. Responses due by 6/3/2005. Note: 3 additional days will be allowed for mailing in accordance with L.R. 6.1. (jam, ) (Entered: 05/25/2005) |
| 06/10/2005 | 29 | MOTION to Enlarge Time in Which to Respond to Defendant's Pretrial Motion by United States of America as to Dylan Mobbs. (law, ) (Entered: 06/10/2005) |
| 06/10/2005 | 30 | ORDER REFERRING CASE to Magistrate Judge Jerome J. Niedermeier as to Dylan Mobbs . Signed by Judge William K. Sessions III on 06/10/2005. (law, ) (Entered: 06/10/2005) |
| 06/16/2005 | 31 | MOTIONS as to Dylan Mobbs REFERRED to Magistrate Judge: 22 MOTION to Suppress, 29 MOTION to Extend Time Time in Which to Respond to Defendant's Pretrial Motion (jse, ) (Entered: 06/16/2005) |
| 06/20/2005 | 32 | ORDER granting 29 Motion to Extend Time as to Dylan Mobbs (1) Signed by Judge Jerome J. Niedermeier on 6/20/05. (This is a text only Order.) (jjj, ) (Entered: 06/20/2005) |
| 06/20/2005 | | Set/Reset Response deadline in case as to Dylan Mobbs 22 MOTION to Suppress. Replies due by 6/24/2005. (jjj, ) (Entered: 06/20/2005) |
| 06/27/2005 | 33 | MOTION to Extend Time to respond to Defendant's pretrial motion by United States of America as to Dylan Mobbs. (jlh, ) (Entered: 06/27/2005) |

| | | |
|---|---|---|
| 07/08/2005 | 34 | RESPONSE by United States of America as to Dylan Mobbs to 22 MOTION to Suppress Statements. (law ) Additional attachment(s) added on 7/28/2005 (jsc, ). (Entered: 07/08/2005) |
| 07/14/2005 | 35 | NOTICE OF HEARING ON MOTION in case as to Dylan Mobbs 22 MOTION to Suppress: Motion Hearing set for 8/1/2005 10:00 AM in Burlington Courtroom 440 before Jerome J. Niedermeier. (jjj, ) (Entered: 07/14/2005) |
| 07/27/2005 | 36 | ORDER granting 33 Motion to Extend Time as to Dylan Mobbs (1) Signed by Judge Jerome J. Niedermeier on 07/27/05. (This is a text only Order.) (mld, ) (Entered: 07/27/2005) |
| 07/27/2005 | | Reset Deadlines in case as to Dylan Mobbs in re 22 MOTION to Suppress. Responses due by 7/8/2005. Note: 3 additional days will be allowed for mailing in accordance with L.R. 6.1. (jlh, ) (Entered: 07/27/2005) |
| 07/28/2005 | 37 | NOTICE OF HEARING as to Dylan Mobbs Status Conference and Change of Plea Hearing set for 8/5/2005 09:30 AM in Burlington Courtroom 542 before William K. Sessions III. (law, ) (Entered: 07/28/2005) |
| 07/29/2005 | | RECEIVED Application for Writ of Habeas Corpus Ad Prosequendum as to Dylan Mobbs. (law, ) (Entered: 07/29/2005) |
| 08/01/2005 | 38 | Writ of Habeas Corpus ad Prosequendum Issued as to Dylan Mobbs for 8/5/2005. (jlh, ) (Entered: 08/01/2005) |
| 08/04/2005 | 40 | MINUTE ENTRY for proceedings held before Judge William K. Sessions III:Status Conference as to Dylan Mobbs held on 8/4/2005 in chambers. E.A. Allen present for dft; T. Anderson present for govt. Statements by counsel re: resolution of the case. Arraignment and Plea to the information postponed until the first week of September, 2005. (Court Reporter None.) (jam, ) (Entered: 08/08/2005) |
| 08/05/2005 | 39 | INFORMATION as to Dylan Mobbs (1) count(s) 1s. Cy to counsel, USPO. (law, ) (Entered: 08/05/2005) |
| 08/05/2005 | | Counts added: Dylan Mobbs (1) count(s) 2s (was omitted when docketing 39 Information) (law) (Entered: 09/13/2005) |
| 08/16/2005 | 41 | NOTICE OF HEARING as to Dylan Mobbs Arraignment and Plea to an Information Hearing set for 9/12/2005 11:30 AM in Burlington Courtroom 542 before William K. Sessions III. Cy parties &USPO(jam, ) (Entered: 08/16/2005) |
| 08/17/2005 | | Judge update in case as to Dylan Mobbs. Judge Jerome J. Niedermeier no longer assigned to case per filing of plea agreement and setting of change of plea hearing before Chief Judge Sessions (jjj, ) (Entered: 08/17/2005) |
| 08/18/2005 | 42 | Writ of Habeas Corpus ad Testificandum for Dylan Mobbs Returned Unexecuted in case as to Dylan Mobbs. (law) (Entered: 08/19/2005) |
| 08/29/2005 | | Motions No Longer Referred as to Dylan Mobbs: 22 MOTION to Suppress per filing of plea agreement (jjj, ) (Entered: 08/29/2005) |
| 09/12/2005 | 43 | WAIVER OF INDICTMENT by Dylan Mobbs (jam, ) (Entered: 09/13/2005) |
| 09/12/2005 | 44 | PLEA AGREEMENT as to Dylan Mobbs (jam, ) (Entered: 09/13/2005) |
| 09/12/2005 | 45 | MINUTE ENTRY for proceedings held before Judge William K. Sessions III:Arraignment and Plea to an Information Hearing as to Dylan Mobbs held on 9/12/2005. Dft present w/ counsel E. Allen; T. Anderson present for govt. Clerk swears dft &Court makes inquiries. Dft waives indictment; waiver submitted; Court accepts waiver. Court informs dft of maximum penalties. Plea entered by Dylan Mobbs (1) Guilty Count 1s,2s of the Information. Plea agreement reviewed. Statement of facts by govt. Court makes findings; accepts guilty plea; acceptance of plea agreement deferred; PSR to to be completed by USPO. ORDERED: as to Dylan Mobbs: 22 MOTION to Suppress filed by Dylan Mobbs moot per entry of guilty plea. Sentencing set for 12/19/2005 10:30 AM in Burlington Courtroom 542 before William K. Sessions III. Dft remains detained pending sentencing.(Court Reporter Nichols.) (jam, ) (Entered: 09/15/2005) |

| | | |
|---|---|---|
| 09/15/2005 | 46 | NOTICE OF HEARING as to Dylan Mobbs Sentencing set for 12/19/2005 10:30 AM in Burlington Courtroom 542 before William K. Sessions III. Cy parties &USPO(jam, ) (Entered: 09/15/2005) |
| 09/15/2005 | 47 | PROCEDURAL AND SCHEDULING ORDER as to Dylan Mobbs Sentencing set for 12/19/2005 10:30 AM in Burlington Courtroom 542 before William K. Sessions III.. Signed by Judge William K. Sessions III on 9/15/2005. Cy parties &USPO (jam, ) (Entered: 09/15/2005) |
| 12/09/2005 | 48 | REVISED NOTICE OF HEARING as to Dylan Mobbs Sentencing set for 12/19/2005 03:00 PM in Burlington Courtroom 542 before William K. Sessions III. Cy parties &USPO(jam, ) (Entered: 12/09/2005) |
| 12/14/2005 | 50 | SENTENCING MEMORANDUM by Dylan Mobbs. (law ) (Entered: 12/14/2005) |
| 12/19/2005 | 52 | MINUTE ENTRY for proceedings held before Judge William K. Sessions III:Sentencing held on 12/19/2005 for Dylan Mobbs (1). Dft present w/ counsel E. Allen; T. Anderson present for govt. Statements re: outstanding issues and adjusted sentence. Statements by dft prior to imposition of sentence. Court makes findings; dft's motion for departure denied; adjustment to account for time already served imposed. SENTENCE: Count(s) 1, 2, Dismissed upon filing of superseding information; Count(s) 1s, 2s, Imprisonment for a term of 115 months on each count concurrent to each other &the undischarged terms of imprisonment to be followed by 3 years S/R with special conditions. Fines wvd; S/A of $200 imposed due immediately. Court recommends to BOP: participation in 500 hour rehab program, educational &vocational programs &placement in a facility with no higher than medium security. Dft notified of right to appeal &remanded to custody of USM. (Court Reporter Nichols.) (jam, ) (Entered: 12/20/2005) |
| 12/20/2005 | 51 | WRIT OF HABEAS CORPUS AD PROSEQUENDUM returned executed as to Dylan Mobbs on 12/19/2005. (law) (Entered: 12/20/2005) |
| 12/21/2005 | 53 | JUDGMENT as to Dylan Mobbs (1), Count(s) 1, 2, Dismissed upon filing of superseding information; Count(s) 1s, 2s, Imprisonment for a term of 115 months on each count concurrent to each other &the undischarged terms of imprisonment to be followed by 3 years S/R with special conditions. . Signed by Judge William K. Sessions III on 12/21/05. Cy parties, USPO &certified cys to USM (jam, ) (Entered: 12/21/2005) |
| 02/13/2015 | 54 | PROBATION FORM 22 Probation Jurisdiction Transferred to Eastern District of Virginia as to Dylan Mobbs. (law) (Entered: 02/15/2015) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:04-CR-8 |
| ) | |
| DYLAN MOBBS, ) | |
| ) | |
| Defendant. ) | |

## INFORMATION

### Count 1

The United States Attorney charges as follows:

From in or about the Fall of 2002, the exact date unknown, to on or about March 14, 2003, in the District of Vermont and elsewhere, the Defendant, DYLAN MOBBS, together with others known and unknown to the Grand Jury, knowingly and intentionally conspired to distribute heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(b)(1)(C); 846)

### Count 2

The United States Attorney further charges:

On or about March 14, 2003, the Defendant, DYLAN MOBBS, in the District of Vermont, did corruptly obstruct, influence and impede and an official proceeding, to wit: a grand jury investigation by attempting to hinder, delay and prevent a witness from providing information and testimony relating to the commission or possible commission of a Federal offense, namely the distribution of a controlled substance.

18 U.S.C. § 1512(c)(2).

Dated at Burlington, in the District of Vermont, this 5th day of August 2005.

*David V. Kirby/mn*

DAVID V. KIRBY
United States Attorney

⌐AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

## District of Vermont

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| DYLAN MOBBS | Case Number:   2:04-CR-08-01 |
| | USM Number:   05508-082 |
| | Ernest M. Allen III, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   1s and 2s of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21USC§§841(a)(1);846 | Conspiracy to distribute heroin | 03/14/2003 | 1s |
| 18USC§1512(c)(2) | Attempting to obstruct or impede an official proceeding | 03/14/2003 | 2s |

   The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   Underlying Indictment      X is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 19, 2005
Date of Imposition of Judgment

/s/ William K. Sessions III
Signature of Judge

JUDGEMENT ENTERED ON DOCKET
Date   December 21, 2005

William K. Sessions III, Chief Judge
Name and Title of Judge

December 21, 2005
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:       DYLAN MOBBS
CASE NUMBER:     2:04-CR-08-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

 115 months on each count concurrent to each other and the undischarged terms of imprisonment.

X   The court makes the following recommendations to the Bureau of Prisons:
    that this defendant be allowed to participate in the 500 hour drug and alcohol rehabilitation program offered; that he be allowed to participate in educational and vocational programs while in custody; and that he be placed in a facility with no higher than medium security.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .
    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on _____ .
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:      DYLAN MOBBS
CASE NUMBER:    2:04-CR-08-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:        DYLAN MOBBS
CASE NUMBER:      2:04-CR-08-01

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment. The defendant shall refrain from the use of alcohol and other intoxicants during and after treatment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT: DYLAN MOBBS
CASE NUMBER: 2:04-CR-08-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  6  of  6

DEFENDANT: DYLAN MOBBS
CASE NUMBER: 2:04-CR-08-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __200__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.